IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| AVERY KIRBY,<br>Plaintiff,<br><br>v.<br><br>DOMINION ENERGY, INC.,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:25CV558 (RCY) |

**MEMORANDUM OPINION**

This is a disability discrimination action brought by Plaintiff Avery Kirby ("Plaintiff") against his former employer, Defendant Dominion Energy, Inc. ("Defendant" or "Dominion"). Plaintiff alleges that Defendant engaged in disability discrimination in violation of the Americans with Disabilities Act ("ADA") by terminating Plaintiff because of his PTSD diagnosis. The case is presently before the Court on Defendant's Motion for Summary Judgment. The matter has been fully briefed, and the Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. E.D. Va. Loc. Civ. R. 7(J); Fed. R. Civ. P. 78. For the reasons stated below, the Court will grant Defendant's Motion for Summary Judgment.

## I. BACKGROUND

In reviewing a motion for summary judgment, the Court exercises great care to resolve any factual disputes and "competing, rational inferences" in the light most favorable to the opposing party. *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (internal quotation marks and citation omitted). Under the Local Rules, the Court may accept those facts identified by the movant as undisputed to be admitted, unless such a fact is controverted in the statement of genuine issues

filed in opposition to the motion and supported by reference to record evidence. E.D. Va. Loc. Civ. R. 56(B). The Court has concluded that the following narrative represents the undisputed facts for the purpose of resolving Defendant's Motion for Summary Judgment.

**A. Factual Background**

Nuclear Regulatory Commission ("NRC") regulations require that Defendant establish, implement, and maintain an access authorization program for individuals who require unescorted access to protected and vital areas of nuclear power plants. Def.'s Stmt. Undisp. Facts ("Def.'s SUF") ¶¶ 1–14, Mem. Supp., ECF No. 41 (citing 10 C.F.R. § 73.56).[1] In conjunction with this program, the NRC requires psychological assessments of individuals needing unescorted access. *Id.* ¶¶ 6, 9 (citing 10 C.F.R. § 73.56). Defendant is not directly involved in the psychological assessments required by the NRC. *Id.* ¶¶ 11, 14 (citing 10 C.F.R. § 73.56(e)(5)).

Plaintiff was employed as a Nuclear Security Officer/Alarm Station Operator at Dominion's Surry Nuclear Power Plant since 2013. *Id.* ¶ 20. This position requires Plaintiff to undergo security clearance evaluations every five years, and Plaintiff passed the first of these evaluations in 2018 without issue. *Id.* ¶¶ 9, 24, 25. Plaintiff suffers from PTSD as a result of prior military service. *Id.* ¶ 23. Defendant was aware of Plaintiff's PTSD since at least 2013. *Id.*

In 2023, Plaintiff underwent another required evaluation, including interviews with the third-party psychologist, Dr. Watjen, Ph.D., of Critical Assessments/The Stress Center, PC. *Id.* ¶ 25. During that interview, Plaintiff stated that he had anxiety attacks during the last 1.5 to 2 years and experienced symptoms including chest pain, dizziness, and lightheadedness. *Id.* ¶ 26.

[1] Defendant requests the Court take judicial notice of the NRC requirements contained in 10 C.F.R. § 73.55–73.56, and the Court obliges, as federal regulations are properly subject to judicial notice as legislative fact so long as they are relevant to the matter at hand. *Ebersole v. Kline-Perry*, No. 1:12cv26 (JCC/TRJ), 2012 WL 2673150, at *6 (E.D. Va. July 5, 2012) (discussing the interplay between 44 U.S.C. § 1507, requiring judicial notice of federal regulations, and Federal Rule of Evidence 402, which prohibits the admission of irrelevant evidence).

Plaintiff also informed Dr. Watjen that he had been taking two psychotropic medications. *Id.* Dr. Watjen requested additional medical records from Plaintiff, including records about his mental health treatment. *Id.* ¶ 29.

After the interview, Plaintiff's unescorted access badge was temporarily placed on hold pending Dr. Watjen's review of the requested additional information, and Plaintiff was removed from his shift on October 25, 2023. *Id.* ¶ 30. As of February 15, 2024, Plaintiff had not provided all of the information requested by Dr. Watjen; Mr. Jones (a Dominion employee) requested that Plaintiff indicate by February 23, 2024, whether he would provide the requested information and warned that if Plaintiff did not do so, he would lose his unescorted access and, in turn, his position. *Id.* ¶¶ 31–32. On February 19, 2024, Plaintiff emailed Ms. Charles (a Dominion employee), stating that the VA[2] informed him that he was not obligated to provide the requested records to Defendant and that he would not be doing so. *Id.* ¶ 34. On February 21, 2024, Mr. Jones provided Plaintiff with a written summary of the information he discussed with Plaintiff on February 15, 2024. *Id.* ¶ 35.

Plaintiff did not provide Dr. Watjen with the requested mental health records.[3] *Id.* ¶ 36. Defendant issued Plaintiff a Notice of Appeal Rights revoking and denying Plaintiff's unescorted

[2] It appears that Plaintiff obtained medical treatment from the U.S. Department of Veterans Affairs ("VA"), including treatment related to his mental health. *See* Mem. Supp. Ex. F, ECF No. 41-6; *see also* Def.'s SUF ¶ 29.

[3] In the "Material Facts In Dispute" section of Plaintiff's Response in Opposition, Plaintiff states he "cooperated with the access authorization program and provided all of the information that [was] released to him from his medical VA and other medical providers" in an attempt to dispute Defendant's argument that Plaintiff did not supply Dr. Watjen with the requested medical records. Resp. Opp'n ¶ 12. However, the Court notes that Plaintiff's own email to Ms. Charles states that he would not be providing the requested medical records, *see* Mem. Supp. Ex. J, ECF No. 41-10, and that Plaintiff's Response in Opposition cleverly states he provided all records that were *released* to him, not that he provided all records that Dr. Watjen requested. *Id.* Accordingly, the Court finds there is no genuine dispute as to this material fact.

Additionally, Plaintiff states he provided Dominion's Medical Review Officer with all requested documents and that there was no reason for concerns in terms of his fitness to perform his duties. *Id.* ¶¶ 13–14. Defendant does not dispute this point. Defendant acknowledges that Dominion's Medical Review Officer cleared Plaintiff for duty under the fitness for duty program. *See* Mem. Supp. Ex. G at 2, ECF No. 41-7. But it wasn't the Medical Review Officer's determination that caused Plaintiff's unescorted access authorization to be revoked, it was the fact that Dr.

access authorization. *Id.* ¶ 39 (citing Mem. Supp. Ex. I, ECF No. 41-9). Plaintiff was told he had ten days to appeal the decision; he did not do so.[4] *Id.* ¶¶ 38–39. Defendant terminated Plaintiff's employment on May 23, 2024. *Id.* ¶ 40.

**B. Relevant Procedural History**

On July 18, 2025, Plaintiff filed a two-count Complaint against Defendant. ECF No. 1. On August 21, 2025, Defendant filed a Motion to Dismiss for Failure to State a Claim. ECF No. 10. Plaintiff attempted to file an Amended Complaint, but the Court determined it was untimely and struck Plaintiff's Amended Complaint from the record. ECF No. 25. After Defendant's Motion to Dismiss was fully briefed, the Court conducted a Motion Hearing and granted in part Defendant's Motion to Dismiss, dismissing Count Two of Plaintiff's Complaint. ECF Nos. 28, 30. On July 24, 2025, Defendant filed a Motion for Summary Judgment on the remaining count, Count One. ECF No. 40. On August 13, 2026, Plaintiff filed his Response in Opposition to Defendant's Motion for Summary Judgment. ECF No. 44. Defendant filed a Reply to Plaintiff's Response in Opposition on August 19, 2026. ECF No. 45. Thus, Defendant's Motion for Summary Judgment is ripe for review.

## II. LEGAL STANDARD

The relevant inquiry in the summary judgment analysis is "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

---

Watjen—the third party psychological evaluator—could not make *her* determination, based on Plaintiff's refusal to provide the requested medical records.

[4] A large portion of Plaintiff's "Material Facts In Dispute" section centers on Plaintiff's disagreement with Dr. Watjen's determination, specifically that Plaintiff believes he was actually trustworthy, reliable, and fit for duty. *See* Resp. Opp'n ¶¶ 1, 2, 7, 9, 15, 21. However, Plaintiff's disagreement with Dr. Watjen's determination does not create a genuine dispute of *material* fact, since the substance of Dr. Watjen's determination is not why Defendant terminated Plaintiff; rather it was Plaintiff's noncompliance with Dr. Watjen's requests and her subsequent inability to make a final determination.

251–52 (1986). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 585–86 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247–48. A material fact is one that might affect the outcome of a party's case. *Id*. at 248; *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc*., 264 F.3d 459, 465 (4th Cir. 2001). A "genuine" issue concerning a "material" fact only arises when the evidence, viewed in the light most favorable to the nonmoving party, is sufficient to allow a reasonable trier of fact to return a verdict in that party's favor. *Id*.

Furthermore, to defeat an otherwise properly supported motion for summary judgment, the nonmoving party must rely on more than conclusory allegations, "mere speculation or the building of one inference upon another," or the "mere existence of a scintilla of evidence" concerning a material fact. *Stone v. Liberty Mut. Ins. Co*., 105 F.3d 188, 191 (4th Cir. 1997) (citations omitted); *Anderson*, 477 U.S. at 252. Accordingly, to deny a motion for summary judgment, "[t]he disputed facts must be material to an issue necessary for the proper resolution of the case, and the quality and quantity of the evidence offered to create a question of fact must be adequate." *Thompson Everett, Inc. v. Nat'l Cable Adver., LP*, 57 F.3d 1317, 1323 (4th Cir. 1995). "Thus, if the evidence is merely colorable or not significantly probative, it may not be adequate to oppose entry of summary judgment." *Id*. (cleaned up).

## III. DISCUSSION

The sole remaining count in Plaintiff's Complaint alleges disability discrimination in violation of the ADA, 42 U.S.C. § 12101, *et seq*. Defendant asserts two main arguments for why

the Court should grant summary judgment in its favor: first, that Plaintiff has not presented direct or circumstantial evidence of disability discrimination, Mem. Supp. 13; and second, that Plaintiff cannot establish a *prima facie* case of disability discrimination under the *McDonnell Douglass* burden shifting framework. For the reasons that follow, the Court finds that summary judgment for Defendant is appropriate on Plaintiff's disability discrimination claim.

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112. "Disability discrimination may be proven through direct and indirect evidence or through the *McDonnell Douglas* burden-shifting framework." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 572 (4th Cir. 2015) (citation omitted). Here, Plaintiff appears to rely on the latter method of proof, *see* Mem. Opp'n 12, so the Court analyzes his claim accordingly, *see Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 249 (4th Cir. 2015) ("It is left to the plaintiff's discretion whether to proceed by direct and indirect[, i.e., circumstantial,] evidence or by mean[s] of the *McDonnell Douglas* burden-shifting framework.").[5]

Under the *McDonnell Douglas* burden shifting framework, the plaintiff must first establish a *prima facie* case of discrimination by demonstrating that: "(1) he was disabled; (2) he was discharged; (3) he was fulfilling her employer's legitimate expectations when he was discharged; and (4) the circumstances of his discharge raise a reasonable inference of unlawful discrimination." *Cowgill v. First Data Techs., Inc.*, 41 F.4th 370, 379 (4th Cir. 2022). After successfully establishing a *prima facie* case, "the burden shifts to the employer to put forth a nondiscriminatory

[5] To the extent Defendant argues that Plaintiff has also not presented direct or circumstantial evidence to support his ADA claim, the Court agrees. But because Plaintiff is proceeding under the *McDonnell Douglas* burden shifting framework, the Court's analysis largely follows suit.

explanation for its actions." *Sempowich v. Tactile Sys. Tech., Inc.*, 19 F.4th 643, 650 (4th Cir. 2021). If the employer does so, "the burden shifts back to the plaintiff to show that the employer's explanation was 'actually a pretext for discrimination.'" *Id.* (quoting *Lettieri v. Equant Inc.*, 478 F.3d 640, 646 (4th Cir. 2007)).

**A. Plaintiff Was Disabled**

Regarding the first *prima facie* prong, whether Plaintiff was disabled, the parties dispute this point, but the Court finds that case law supports finding in Plaintiff's favor and moving on to the remainder of the *McDonnell Douglas* framework. *See Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 572 (4th Cir. 2015) (noting that Congress broadened the definition of disability via the ADA Amendments Act of 2008 and stating that "the primary object of attention in cases brought under the ADA should be whether covered entities have complied with their obligations and whether discrimination has occurred, not whether the individual meets the definition of disability." (quoting 29 C.F.R. § 1630.1(c))). Accordingly, the Court finds for purposes of summary judgment that Plaintiff was disabled.

**B. Plaintiff Was Discharged**

Regarding the second *prima facie* prong, the parties do not dispute that Plaintiff was discharged. Accordingly, the Court will move on to the third prong.

**C. Plaintiff Was Not Fulfilling His Employer's Legitimate Expectations When Discharged**

The parties disagree on the third *prima facie* prong, whether Plaintiff was fulfilling his employer's legitimate expectations when he was discharged. "To satisfy the third element, a plaintiff need not 'show that [he] was a perfect or model employee. Rather, a plaintiff must show only that [he] was qualified for the job and that [he] was meeting [his] employer's legitimate expectations.'" *Cowgill v. First Data Techs., Inc.*, 41 F.4th 370, 380 (4th Cir. 2022) (quoting

*Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 225 (4th Cir. 2019)). Based on the undisputed record before the Court, Plaintiff cannot make this showing; thus, Defendant is entitled to summary judgment.

Defendant argues that no reasonably jury could find that Plaintiff was performing his job at a level that met Dominion's legitimate expectations, since Plaintiff was not able to retain unescorted access authorization as required by Nuclear Regulatory Commission standards. Mem. Supp. 16–17, ECF No. 41. Plaintiff's authorization was placed on hold following a mandatory psychological reassessment. *See* Def.'s SUF ¶ 29. Despite several attempts by Dominion employees to inquire whether Plaintiff would provide Dr. Watjen with the requested medical documentation, *see id.* ¶¶ 31–35, and despite Defendant holding Plaintiff's position open for more than five months, *id.*, Plaintiff failed to provide Dr. Watjen with the medical records she required to complete her assessment. While Plaintiff disputes Dr. Watjen's determination that she was unable to make a trustworthiness and reliability determination, *see* Resp. Opp'n 6, ECF No. 44, and that he complied with most of Dr. Watjen's requests, *see id.* at 7, it is undisputed that Plaintiff informed Defendant that he was not legally obligated to disclose personal medical records to his employer and that he would "not be sending any." Mem. Supp. Ex. J.

Accordingly, the Court finds that no genuine dispute of material fact exists with respect to this prong, and that the undisputed evidence in the record shows that Plaintiff cannot prove he was fulfilling Dominion's legitimate expectations at the time of his discharge because, without unescorted access authorization, he could not perform the essential functions of his job, and Dominion had no discretion to work around NRC standards to maintain Plaintiff's employment absent such authorization. *See McNelis v. Penn. Power & Light Co.*, 867 F.3d 411, 415 (3d Cir. 2017) ("Although we are the first court of appeals to address the interplay between the ADA and

these NRC regulations, our opinion is supported by a broad consensus among district courts that nuclear power plant employees who have lost security clearance or have been deemed not fit for duty are not qualified employees under the ADA."); *accord Mitchell v. Crowell*, 966 F. Supp. 1071, 1079 (N.D. Ala. 1996); *Kahook v. Savannah River Nuclear Sols., LLC*, 2013 WL 1113791, *3 (D.S.C. Mar. 18, 2013). Because a reasonable jury could not conclude that Plaintiff was satisfying Defendant's legitimate expectations and otherwise qualified for the position when his own actions prevented him from maintaining unescorted access authorization, Plaintiff's claim fails on the third prong.

**D. The Circumstances of Plaintiff's Discharge Do Not Raise a Reasonable Inference of Unlawful Discrimination**

Analysis of the fourth prong of the *McDonnell Douglas* prima facie case further supports a finding that Defendant is entitled to summary judgment.

"To satisfy the fourth [prima facie] element of a disability discrimination claim, a plaintiff must show that the adverse action occurred under circumstances that raise a reasonable inference of unlawful discrimination." *Cowgill*, 41 F.4th at 380. One such way to make this showing is based on temporal proximity: "close temporal proximity weighs heavily in favor of finding a genuine dispute as to causation." *Id.* (quoting *Jacobs*, 780 F.3d at 575).

It is undisputed that Plaintiff disclosed his disability to Defendant roughly ten years prior to his termination and that subsequently, in 2018, Plaintiff had his unescorted access authorization renewed after his first five-year reassessment. Def.'s SUF ¶¶ 23–24. There is thus no temporal proximity between Defendant's becoming aware of Plaintiff's disability and Plaintiff's loss of unescorted access and/or his termination in 2023. Furthermore, even if the Court were to alternatively determine that the relevant event for measuring temporal proximity was Plaintiff's disclosures during his 2023 reassessment, it is undisputed that Defendant provided Plaintiff with

more than five months to provide Dr. Watjen with the requested medical records before terminating Plaintiff. *See id.* ¶ 40. Even in that scenario, then, the undisputed facts do not establish events sufficiently proximate in time to give rise, on their own, to a reasonable inference of unlawful discrimination. *See, e.g.*, *Crews-Sanchez v. Frito-Lay, Inc.*, 2024 WL 469306, at *2 (4th Cir. Feb. 7, 2024) ("The nearly four-month gap between plaintiff's requested accommodation and her termination did not establish a sufficient temporal proximity from which the court could draw a reasonable inference of causation.").

Absent any other evidence proffered to raise a reasonable inference of unlawful discrimination, the Court finds that Plaintiff's *prima facie* claim also fails on prong four.

**E. Plaintiff Could Not Demonstrate Pretext**

"If the employee [establishes a *prima facie* case of disability discrimination], 'the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action.'" *Cowgill*, 41 F.4th at 379 (quoting *Lettieri v. Equant*, 478 F.3d 640, 646 (4th Cir. 2007)). "If the employer does so, the burden then shifts back to the plaintiff to show that the employer's explanation was 'actually a pretext for discrimination.'" *Id.* (quoting *Lettieri*, 478 F.3d at 646)).

Even if Plaintiff had established his *prima facie* case such that the burden shifted to Defendant, the evidence further supports Defendant's legitimate nondiscriminatory explanation for the termination and does not support Plaintiff's required showing of pretext. Most compelling is the undisputed evidence that Defendant's own Medical Review Officer was ready to clear Plaintiff for work, knowing all relevant information regarding Plaintiff's medication and anxiety. *See* Mem. Supp. Ex. J. However, per NRC standards, Defendant could not reissue Plaintiff's unescorted access authorization without clearance from the third-party psychologist, Dr. Watjen.

*Id.*; 10 C.F.R. § 73.56(e) ("In order to assist in determining an individual's trustworthiness and reliability, licensees, applicants, contractors or vendors *shall ensure that a psychological assessment has been completed before the individual is granted unescorted access or certified unescorted access authorization*." (emphasis added)); 10 C.F.R. § 73.56(i) (necessitating a psychological reevaluation every five years for certain types of employees, including those in Plaintiff's role). And Plaintiff's own acts prevented Dr. Watjen from completing the necessary assessment.

Accordingly, the Court finds there is no genuine dispute of material fact and that Defendant is entitled to summary judgment on the sole count at issue, Count One.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Motion for Summary Judgment.

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: October 29, 2026
Richmond, Virginia